UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

FILED
NOV - 8 2013
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

In re:

ROYCE SHELDON GOREE and
PATRICIA MARIE GOREE,

        Debtor(s).

Case No. 12-22719-B-7

**ORDER DENYING REQUEST TO REOPEN BANKRUPTCY CASE**

The court has reviewed the debtors' ex parte request to reopen the bankruptcy case, filed September 3, 2013 (Dkt. 33) (the "Application").

Through the Application, the debtors request that the case, which was closed on June 1, 2012, be reopened for the purpose of amending Schedule F to add previously unscheduled unsecured creditors. However, the chapter 7 trustee filed a report of no distribution on April 20, 2012, and the debtors received a discharge on May 25, 2012 (Dkt. 12).

Allowing the debtors to reopen this case would not result in any relief to the debtors because this case is a "no-asset, no bar-date" case in which a deadline for filing proofs of claim was never set by the court, and the trustee's investigation of the debtor's assets did not uncover any non-exempt property that could be administered for the benefit of creditors. Generally, 11 U.S.C. § 523(a)(3)(A) governs the dischargeability of unscheduled debts. Section 523(a)(3)(A) excepts from discharge unscheduled debts that are not of the type described in Sections 523(a)(2), (a)(4) or (a)(6), where the creditor had no notice or actual knowledge of the case in time to file a timely proof of claim. Section 523(a)(3)(B)

excepts from discharge debts that <u>are</u> of the type described in Sections 523(a)(2), (a)(4), or (a)(6), where the creditor had no notice or actual knowledge of the case in time to file a timely proof of claim or to timely file a request for a determination of the dischargeability of the debt. However, the Ninth Circuit recognizes an exception to the operation of Section 523(a)(3) in no-asset cases where no bar date has been set for filing proofs of claim. See <u>Beezley v. California Land Title Co. (In re Beezley)</u>, 994 F.2d 1433 (1992). The Ninth Circuit in that case held that in no-asset, no bar-date cases, "after such a case has been closed, dischargeability is unaffected by scheduling, amendment of [the debtor's] schedules would thus have been a pointless exercise. . . . If the omitted debt is of a type covered by 11 U.S.C. § 523(a)(3)(A), it has already been discharged pursuant to 11 U.S.C. § 727. If the debt is of a type covered by 11 U.S.C. § 523(a)(3)(B), it has not been discharged, and is non-dischargeable . . . . In sum, reopening here in order to grant [the debtor's] request would not have 'accord[ed] relief to' [the debtor]." <u>Beezley</u>, 994 F.2d at 1434 (citations omitted).

The same reasoning applies to the debtors' case here. If the debt omitted from the debtors' schedules is covered by 11 U.S.C. § 523(a)(3)(A), then it was discharged under 11 U.S.C. § 727 when the debtor received his discharge. If the debt omitted from the debtors' schedules is covered by 11 U.S.C. § 523(a)(3)(B), it was not discharged and is non-dischargeable; permitting the debtors to reopen the case and add it to their schedules now will not result in any change to this state of affairs. The court expresses no opinion as to whether the debt omitted from the debtors' schedules

was or was not discharged, it only finds that reopening the case to permit the debtors to schedule it would not assist the debtors. Accordingly, it is hereby

ORDERED that the Application is denied without prejudice.

DATE: NOV - 8 2013

Thomas C. Holman,
United States Bankruptcy Judge